UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:12-CR-01127-JAH |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 57]** |
| FRANCISCO HERRERA, | |
| Defendant. | |

Pending before the Court is Defendant Francisco Herrera's ("Defendant") pro se Motion for Compassionate Release pursuant to the First Step Act. (ECF No. 49, "Mot."). The United States Government (the "Government") filed a response in opposition. (ECF No. 53, "Opp'n."). Defendant filed a response in support of his motion. (ECF No. 57, "Resp."). Defendant subsequently filed supplemental documents in support of his motion. (ECF Nos. 55, 60). In consideration of the pleadings and the law, and for the reasons set forth below, Defendant's motion for compassionate release is denied.

**I.**

**BACKGROUND**

On April 17, 2021, Defendant pleaded guilty to count one of an indictment charging him with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. 846 and 841(a)(1). (ECF No. 15). Defendant was sentenced to a 188-months term of imprisonment and five years of supervised release. (ECF No. 21). Defendant filed the instant motion requesting compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A)(i), based on changed family circumstances and the ongoing COVID-19 pandemic. *See generally*, Mot.

## II.
## LEGAL STANDARD

Under § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal, a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Commission also requires the defendant not pose a danger to the safety of the community as provided in 18 U.S.C. § 3142(g). *Id*. § 1B1.13(2).

## III.
## DISCUSSION

Defendant seeks review of his sentence under § 3582(c). As a threshold matter, Defendant has exhausted his administrative remedies. (ECF No. 55). Defendant requested compassionate release with the Warden of FCI Lompoc, which was denied on August 17, 2020. *Id.* at 3. More than thirty days has elapsed since Defendant's request was denied. Accordingly, the Court deems Defendant properly exhausted his administrative remedies pursuant to § 3582(c)(1)(A).

### A. Section 3553(a) Factors

The compassionate release statute requires courts to consider § 3553(a) factors in determining whether to reduce a defendant's sentence. See 18 U.S.C. § 3582(c)(1)(A).

Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

Looking to the factors, the sentence imposed on Defendant must reflect the seriousness of the offense. Defendant does not specifically address the aforementioned factors, but does state that he does not pose a risk "to any person or persons in any community[, and] is a model inmate who . . . help[s] others [and] mentor[s] many of the younger inmates[.]" Mot. at 4. The Court finds that the nature and circumstances of the offense do not support reducing Defendant's sentence. At sentencing, the Court sentenced Defendant to the low end of the guideline range, noting Defendant's extensive criminal history and the stating Defendant's prior sentence of 51-month did not sufficiently act as a deterrent to future criminal activity. (ECF No. 27 at 4-7). To date, Defendant has served approximately 109-months of his 188-month term of imprisonment. In the Court's view, a time served sentence reduction would not adequately reflect the seriousness of Defendant's offense of conviction—particularly in light of the quantity of methamphetamine involved in this matter. Furthermore, a reduction in sentence does not align with the Court's aim to provide sufficient deterrence for future misconduct. Accordingly, a reduction in Defendant's sentence to time served is inconsistent with the policy considerations and the factors set for in § 3553(a).

### B. Extraordinary and Compelling Reasons

Notwithstanding the § 3553(a) factors, to be eligible for compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent [with] applicable policy statements" issued

by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Although the statute does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. 1B1.13, application note 1(A). In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release for a medical condition provides as follows:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required[.]
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

United States Sentencing Guidelines, Application Notes, § 1B1.13(1)(A). The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Compassionate release may also be warranted based on family circumstances. Such situations include those where "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," as well as "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C). Notably, the policy statement does not mention elderly or ill parents as circumstances that would qualify as extraordinary and compelling.

Defendant contends the ongoing threat of illness because of the COVID-19 pandemic and his changed family circumstances are extraordinary and compelling grounds to warrant a reduction in his sentence. The court will discuss each in turn.

### 1. Family Circumstances

Although the policy statement in § 1B1.13 does not explicitly mention elderly or ill parents, it allows for the consideration of any "other" extraordinary and compelling circumstances. U.S.S.G. § 1B1.13. Defendant seeks a reduction in his sentence, contending he is the only available caregiver for his father, who is confined to a wheelchair and currently in a rehabilitation center. Mot. at 3. Defendant claims his father is dissatisfied with the level of care he is receiving at the rehabilitation center. *Id.*

Here, Defendant has not provided evidence that he is the only available or suitable caretaker for his father.[1] Indeed, Defendant's father is currently receiving care at a rehabilitation center. Granting compassionate release because Defendant and his father are unsatisfied with the quality of care does not align with any interpretation of the policy statement and does not agree with the spirit of the text, even when applied to a parent-child relationship. The Court is deeply sympathetic to Defendant's father and to Defendant, however, with other suitable caretakers available, his family circumstances does not rise to the level of an extraordinary and compelling circumstance justifying compassionate release.[2]

### 2. COVID-19

A court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable

---

[1] Defendant's reply states that his brother is not a suitable caretaker for his father because he is a citizen of Mexico and is unable to live in the United States to provide his father care. (ECF No. 57 at 6). According to the pre-sentence report, Defendant's brother is in good health, has a positive relationship with Defendant, and at the time of the pre-sentence report, also gainfully employed. (*See* ECF No. 17 at 17, "PSR").

[2] It is important to note that this Court is not making a determination that caring for elderly parents cannot constitute an extraordinary and compelling circumstance—only that Defendant has not sufficiently articulated a basis for finding an extraordinary and compelling circumstance warranting compassionate release.

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c)(1)(A). A defendant fulfills one of the numerous "extraordinary and compelling reasons" by "suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. § 1B1.12 cmt. 1(A)(ii). The Sentencing Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* at 1B1.13(2).

The Court is mindful that individuals with certain medical conditions can be more vulnerable to negative impacts caused by the COVID-19 virus, however, Defendant fails to persuade the Court that his high body mass index qualifies as "extraordinary and compelling" reason for release within the context of 18 U.S.C. § 3582 (c)(1)(A). This Court has previously determined that a high body mass index alone does not present an extraordinary and compelling circumstances warranting a reduction in sentence. *See United States v. Poutua, No. 3:16-cr-00875-JAH-8 (S.D. Cal. Apr. 27, 2016), ECF No. 4*. Defendant does not provide the Court with any reason to deviate from that finding. Furthermore, Defendant is currently housed in FCI La Tuna, in Anthony, Texas, which is currently reporting zero COVID-19 infections amongst the inmate and Bureau of Prisons staff.[3]

///
///
///
///
///
///

---

[3] *See* COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited November 19, 2021).

## IV.
## CONCLUSION

Accordingly, for the aforementioned reasons, Defendant Francisco Herrera's Motion for Compassionate Release is denied.[4]

**IT IS SO ORDERED.**

DATED: December 1, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[4] In light of the findings contained therein, the Court will not discuss whether Defendant is a danger to the safety of any other person or to the community. 18 U.S.C. § 3142(g).